1 | Jeremy E. Shulman (# 257582)
   jshulman@afrct.com
2 | ANGLIN, FLEWELLING, RASMUSSEN,
   CAMPBELL & TRYTTEN LLP
3 | 199 South Los Robles Avenue, Suite 600
4 | Pasadena, California 91101-2459
   Tel:  (626) 535-1900 | Fax:   (626) 577-7764
5 |
6 | Attorneys for Defendant
   WELLS FARGO BANK, N.A., successor
7 | by merger to Wells Fargo Bank Southwest,
   N.A., f/k/a Wachovia Mortgage, FSB and
8 | World Savings Bank, FSB ("Wells Fargo")

9 |                UNITED STATES DISTRICT COURT

10 |              CENTRAL DISTRICT OF CALIFORNIA

11 |

12 | ELIA VIVEROS GIRON, an individual,    CASE NO.: 2:14-cv-02437-ODW-VBK

13 |             Plaintiffs,               **WELLS FARGO'S NOTICE OF**
                                          **MOTION AND MOTION TO**
14 |        v.                            **DISMISS COMPLAINT;**
                                          **MEMORANDUM OF POINTS AND**
15 |                                      **AUTHORITIES IN SUPPORT**
    WELLS FARGO BANK, N.A.               **THEREOF**
16 | successor by merger to Wells Fargo
    Bank Southwest, N.A., f/k/a Wachovia  Date:   June 9, 2014
17 | Mortgage, FAB, f/k/a World Savings    Time:   1:30 p.m.
    Bank; REGIONAL TRUSTEE               Ctrm:   11
18 | SERVICES CORPORATION, a
    California Corporation; and DOES 1-50, [Assigned to the Hon. Otis D. Wright
19 | Inclusive,                            II]
20 |
             Defendants.
21 |

22 |

23 |

24 | **TO PLAINTIFF AND HER COUNSEL OF RECORD:**

25 |        **PLEASE TAKE NOTICE** that on June 9, 2014, at 1:30 p.m. in

26 | Courtroom 11 of the above-entitled Court located at 312 North Spring Street, Los

27 | Angeles, CA 90012, the Honorable Otis D. Wright II presiding, defendant Wells

28 | Fargo Bank, N.A., successor by merger to Wells Fargo Bank Southwest, N.A.,

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

f/k/a Wachovia Mortgage, FSB and World Savings Bank, FSB ("Wells Fargo"), will move for an order dismissing plaintiff's Complaint for failure to state a claim pursuant to Rules 12(b)(6) and 9(b) of the Federal Rules of Civil Procedure.

Grounds for the motion are:

**1.     First Claim: Cal. Bus. & Prof. Code §17200**

Plaintiff fails to state a claim under Cal. Bus. & Prof. Code § 17200 because: (i) there is no factual predicate supporting an unfair, unlawful or fraudulent business practice; and (ii) plaintiff lacks standing without an injury in fact.

**2.     Second Claim: Breach of the Implied Covenant**

Plaintiff fails to state a claim for breach of the implied covenant because: (i) plaintiff cannot allege her own contractual compliance in light of her ongoing loan default; (ii) Wells Fargo had no obligation to modify the loan; (iii) Wells Fargo had no obligation to accept partial payment short of a full reinstatement of the loan default; (iii)  plaintiff fails to allege a Civil Code § 2923.5 violation; (iv) plaintiff cannot recover damages for a § 2923.5 violation; and (v) plaintiff has not otherwise alleged facts supporting damage.

**3.     Third Claim: Fraud**

Plaintiff fails to state a claim for fraud because: (i) the complaint lack the specificity required by Rule 9(b); (ii) the alleged promise of a loan modification is not actionable as a representation about a future event; (iii) there was no misrepresentation about a loan modification since plaintiff admits she was twice denied; and (iv) the complaint lacks facts supporting damage.

**4.     Fourth Claim: Negligence**

Plaintiff fails to state a claim for negligence because: (i) Wells Fargo did not owe plaintiff a duty of care; and (ii) the complaint lacks facts supporting damage.

**5.     Fifth Claim: Civ. Code § 2923.5**

Plaintiff fails to state a claim under Civ. Code § 2923.5 because the complaint lacks facts supporting any statutory violation.

1    As required by Local Rule 7-3, Wells Fargo's counsel attempted to meet and

2 confer prior to the filing of this motion.  Those attempts included telephone calls to

3 plaintiffs' counsel on May 1 and 2, 2014. Wells Fargo's counsel also sent multiple

4 e-mails requesting to meet and confer on this motion, but did not receive any

5 response.

6    The motion is based on this Notice, the Memorandum of Points and

7 Authorities, the Complaint, the pleadings on file in this action, the Request for

8 Judicial Notice, and on defendant's argument at the hearing on the motion.

9

10                              Respectfully submitted,

11 Dated:  May 8, 2014          ANGLIN, FLEWELLING, RASMUSSEN,
                                 CAMPBELL & TRYTTEN LLP
12

13
                             By:  ____/s/ Jeremy E. Shulman_____
14                                Jeremy E. Shulman
                                  jshulman@afrct.com
15                             Attorneys for Defendant
                               WELLS FARGO BANK, N.A.
16

17

18

19

20

21

22

23

24

25

26

27

28

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

## <u>TABLE OF CONTENTS</u>

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES...........................................1

1.    INTRODUCTION ........................................................................1

2.    SUMMARY OF THE COMPLAINT AND JUDICIALLY
      NOTICEABLE DOCUMENTS.......................................................1

3.    PLAINTIFF FAILS TO PLEAD ANY ACTIONABLE PREDICATE
      UNDER SECTION 17200 OR ACTUAL HARM (FIRST CLAIM)............3

4.    PLAINTIFF CANNOT ESTABLISHED THE ELEMENTS FOR
      BREACH OF THE IMPLIED COVENANT (SECOND CLAIM)...............5

5.    THE FRAUD CLAIM LACKS NECESSARY ALLEGATIONS AND
      SPECIFICITY (THIRD CLAIM). ....................................................6

6.    THE NEGLIGENCE CLAIM FAILS WITHOUT A DUTY OF
      CARE (FOURTH CLAIM). ..........................................................8

7.    THE COMPLAINT LACKS FACTUAL ALLEGATIONS TO
      SUPPORT A CIV. CODE §2923.5 VIOLATION (FIFTH CLAIM)..........11

8.    CONCLUSION .........................................................................11

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Armstrong v. Chevy Chase Bank, FSB,*
2012 U.S. Dist. LEXIS 144125 (N.D. Cal. Oct. 3, 2012) ..................................9

*Deschaine v. IndyMac Mortg. Servs.,*
2013 U.S. Dist. LEXIS 163203 (E.D. Cal. Nov. 15, 2013) ..............................10

*Glen Holly Entertainment, Inc. v. Tektronix, Inc.,*
100 F. Supp. 2d 1086 (C.D. Cal. 1999)................................................................7

*Gonzales v. Wells Fargo Bank, N.A.,*
2012 U.S. Dist. LEXIS 154851 (N.D. Cal. Oct. 29, 2012) ...............................9

*Guerrero v. Wells Fargo Bank, N.A.,*
2010 U.S. Dist. LEXIS 96261 (C.D. Cal. Sept. 14, 2010) ..................................2

*Guglielmelli v. Wells Fargo Bank, N.A.,*
2013 U.S. Dist. LEXIS 43063 (C.D. Cal. Mar. 26, 2013) ..................................2

*Hoffman v. Bank of America, N.A.,*
2010 U.S. Dist. LEXIS 70455 (N.D. Cal. 2010)...........................................10, 3

*Moore v. Kayport Package Express, Inc.,*
885 F.2d 531 (9th Cir. 1989)...............................................................................7

*Neu v. Terminix Int'l, Inc.,*
2008 U.S. Dist. LEXIS 32844 (N.D. Cal. Apr. 8, 2008)....................................3

*Rogers v. Select Portfolio Servicing, Inc.,*
2014 U.S. Dist. LEXIS 62692 (C.D. Cal. May 6, 2014).....................................9

*Settle v. World Savings Bank, FSB,*
2012 U.S. Dist. LEXIS 4215 (C.D. Cal. Jan. 11, 2012)......................................9

*Sullivan v. JP Morgan Chase Bank, NA,*
725 F. Supp. 2d 1087 (E.D. Cal. 2010)................................................................9

*Taguinod v. World Sav. Bank, FSB,*
755 F. Supp. 2d 1064 (C.D. Cal. Dec. 2, 2010) .................................................1

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

*Trinity Hotel Inv., LLC v. Sunstone OP Props., LLC*,
  2009 U.S. Dist. LEXIS 13692 (C.D. Cal. Feb. 5, 2009) ....................................5

*Vectren Communs. Servs. v. City of Alameda*,
  2009 U.S. Dist. LEXIS 72811 (N.D. Cal. Aug. 18, 2009) (Illston, J.) ..............5

*Wool v. Tandem Computers, Inc.*,
  818 F.2d 1433 (9th Cir. 1987)...........................................................................7

**STATE CASES**

*Borba v. Thomas*,
  70 Cal.App.3d 144 (1977)..................................................................................7

*Carma Developers, Inc. v. Marathon Development Calif., Inc.*,
  2 Cal. 4th 342 (1992) ........................................................................................5

*Conrad v. Bank of America*,
  45 Cal. App. 4th 133 (1996)............................................................................10

*Daro v. Superior Court*,
  151 Cal. App. 4th 1079 (2007)..........................................................................4

*Eddy v. Sharp*,
  199 Cal. App. 3d 858 (1988)..............................................................................8

*Fields v. Napa Milling Co.*,
  164 Cal. App. 2d 442 (1958)...........................................................................10

*Hall v. Time, Inc.*,
  158 Cal. App. 4th 847 (2008).............................................................................4

*Jolley v. Chase Home Finance, LLC*,
  213 Cal. App. 4th 872 (2013)..........................................................................10

*Khoury v. Maly's of California, Inc.*,
  14 Cal. App. 4th 612 (1993)...............................................................................3

*Korea Supply Company v. Lockheed Martin Corporation*,
  29 Cal. 4th 1134 (2003) .....................................................................................3

*Lazar v. Superior Court*,
  12 Cal. 4th 631 (1996) .......................................................................................7

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

*Mabry v. Superior Court,*
  185 Cal. App. 4th 208 (2010)...................................................................3, 6, 10

*Montijo v. Swift,*
  219 Cal. App. 2d 351 (Cal. App. 4th Dist. 1963)...................................9

*Myers v. Philip Morris Companies, Inc.,*
  28 Cal. 4th 828 (2002) .........................................................................2

*Neu-Visions Sports v. Soren/McAdam/Bartells,*
  86 Cal. App.4th 303 (2000)...................................................................7

*Nymark v. Heart Fed. Savings & Loan Ass' n,*
  231 Cal. App.3d 1089, 283 Cal. Rptr. 53 (1991) .........................................9, 10

*Quelimane Co. v. Stewart Title Guar. Co.,*
  19 Cal. 4th 26 (1998) ...........................................................................10

*Richard P. v. Vista Del Mar Child Care Service,*
  106 Cal. App.3d 860 (1980).................................................................7

*Software Design and Application Ltd. v. Hoeffer & Arnolt Inc.,*
  49 Cal. App. 4th 472 (1996)...............................................................9

*Stansfield v. Starkey,*
  220 Cal. App.3d 59 (1990)....................................................................6

*Steiner v. Thexton,*
  48 Cal. 4th 411 (2010) .........................................................................5

*Wilhelm v. Pray, Price, Williams & Russell,*
  186 Cal. App.3d 1324 (1986)...............................................................7

**FEDERAL STATUTES**

12 U.S.C. § 1461, *et seq.* ............................................................................2

**STATE STATUTES**

Cal. Bus. & Prof. Code § 17200..............................................................passim

Cal. Bus. & Prof. Code § 17204..............................................................4

Cal. Civ. Code § 2923.5 ..........................................................................passim

1

Cal. Civ. Code § 2923.5(g) ........................................................... 2, 4, 6, 11

2

Cal. Civ. Code § 2923.5(a)(1) .................................................................... 11

3

Cal. Civ. Code § 2924c ............................................................................... 6

4

**RULES**

5

Fed. R. Civ. P. 9(b) ................................................................................. 6, 7

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

## MEMORANDUM OF POINTS AND AUTHORITIES

### 1.   INTRODUCTION

Plaintiff brings a form complaint against her lender Wells Fargo and the foreclosure trustee in an apparent attempt to delay foreclosure.  The complaint alleges theories under Cal. Civil Code §2923.5 regarding pre-foreclosure contact.  Those theories are deficient as the 2923.5 compliance declaration alleges due diligence, which is unaddressed by plaintiff in her complaint.  Plaintiff's other theory involves vague and somewhat conflicting allegations regarding her attempts to obtain a loan modification.  Plaintiff admits she was reviewed for a modification and was denied.  Allegations that plaintiff was promised a modification are deficiently vague and cannot form the basis for any recoverable relief.

As briefed below, the Court should grant the motion to dismiss in all respects.

### 2.   SUMMARY OF THE COMPLAINT AND JUDICIALLY NOTICEABLE DOCUMENTS

In October 2007, plaintiff obtained a loan from World Savings Bank, FSB, for $356,000.00 (the "Loan"), secured by a Deed of Trust recorded against 3620 Altamont Street, Los Angeles, California  (the "Property").  (Comp. ¶19; Request for Judicial Notice ("RJN") Exhs. A, B, Note and Deed of Trust.)

In January 2008, World Savings Bank, FSB, changed its name to Wachovia Mortgage, FSB, which then converted and merged with Wells Fargo Bank, N.A. in November 2009.[1]  (Comp. ¶4; RJN Exh. C, D, E, F, G.)  Existing case law establishes that Wells Fargo is the legal successor to World Savings.  *Taguinod v. World Sav. Bank, FSB*, 755 F. Supp. 2d 1064, 1068 (C.D. Cal. Dec. 2, 2010) ("Wells Fargo's acquisition of World Savings Bank, FSB does not affect the

---

[1]  Reference to Wells Fargo in this motion shall include Wells Fargo Bank, N.A. and the predecessor entities Wachovia Mortgage, FSB and World Savings Bank, FSB.

1  HOLA preemption defense because the Complaint only addresses the transaction

2  between Plaintiffs and World Savings Bank, FSB."); *Guerrero v. Wells Fargo*

3  *Bank, N.A.*, 2010 U.S. Dist. LEXIS 96261, *8 (C.D. Cal. Sept. 14, 2010) ("Where

4  a national association, such as [Wells Fargo Bank, N.A.], acquires the loan of a

5  federal savings bank, it is proper to apply preemption under HOLA.")

6      Sometime after obtaining the Loan, plaintiff experienced financial hardship

7  and sought mortgage assistance.  (Comp. ¶21.)  Plaintiff alleges that she was

8  reviewed for a Loan modification in April 2013 and again in December 2013.

9  (Comp. ¶¶25, 28.)[2]  A Notice of Default and Election to Sell ("NOD") was

10  recorded in April 2012 stating arrears as of April 19, 2012 of $90,164.62.  (RJN

11  Exh. H.)  The compliance declaration attached to the NOD states that Wachovia

12  (now Wells Fargo) tried with due diligence to contact plaintiff pursuant to Cal.

13  Civil Code § 2923.5 (g).[3]  Despite allegations of "due diligence" compliance under

14  section 2923.5(g), plaintiff alleges that Wells Fargo failed to establish actual

15  contact before recording the NOD.  (Comp. ¶66.) Plaintiff further alleges that she

16  was misled regarding her Loan modification attempts, which were ultimately

17  denied.  (Comp. ¶¶40, 45, 48.)

18      Based on these allegations, plaintiff brings claims for:  (1) violation of Cal.

19  Bus. & Prof. Code §17200; (2) breach of the implied covenant of good faith and

20

21

22  _____

23  [2]  Regarding the April 2013 modification review and denial, plaintiff states that she
received a denial letter from BANA, which is presumably Bank of America, N.A.
24  (Comp. ¶28)  That reference to BANA and the one in Comp. ¶49 are likely
leftovers from a version of this complaint used in a different suit.

25  [3]  Civil Code 2923.5 was amended effective January 1, 2013.  For a notice of
26  default recorded in 2012, the version of 2923.5 in effect at that time would govern,
and that version will be cited and discussed below.  See *Guglielmelli v. Wells*
27  *Fargo Bank, N.A.,* 2013 U.S. Dist. LEXIS 43063, at *10 (C.D. Cal. Mar. 26,
2013); *Myers v. Philip Morris Companies, Inc.*, 28 Cal. 4th 828, 841 (2002).

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

fair dealing; (3) fraud and misrepresentation; (4) negligence; and (5) violation of Cal. Civ. Code §2923.5.

**3.   PLAINTIFF FAILS TO PLEAD ANY ACTIONABLE PREDICATE UNDER SECTION 17200 OR ACTUAL HARM (FIRST CLAIM)**

A 17200 claim must state with reasonable particularity the facts showing unlawful, unfair, or fraudulent business acts on the part of the defendant. *Korea Supply Company v. Lockheed Martin Corporation*, 29 Cal. 4th 1134, 1143 (2003); *Khoury v. Maly's of California, Inc.*, 14 Cal. App. 4th 612, 619 (1993). To the extent the UCL claim is based on alleged fraud, it must be pleaded with heightened specificity. *Neu v. Terminix Int'l, Inc.*, 2008 U.S. Dist. LEXIS 32844, *13-14 (N.D. Cal. Apr. 8, 2008).

In support of this claim, plaintiff first contends that Wells Fargo advised plaintiff that it received all documentation for loan modification review and that her file was under review. (Comp. ¶40.) Plaintiff next alleges that she was denied for a modification in December 2013, as well as before in April 2013. (Comp. ¶¶40, 35.)

While short on specifics, plaintiff appears to contend that she was due a modification, which is contrary to well-established law that there is no actionable right to a loan modification. *Hoffman,* 2010 U.S. Dist. LEXIS 70455, at *15 (N.D. Cal. June 30, 2010) ("lenders are not required to make loan modifications for borrowers that qualify  under HAMP nor does the servicer's agreement confer an enforceable right on the borrower."); *Mabry v. Superior Court,* 185 Cal. App. 4th 208, 231 (2010).

Plaintiff next suggests that Wells Fargo misled her in advising her not to make continuing mortgage payments. (Comp. ¶40.) While the complaint is vague, the NOD suggests that plaintiff's default began in December 2008, and that plaintiff was in arrears by over $90,000 as of April 2012. (RJN Exh. H.) Pursuant to the Loan, Wells Fargo was under no contractual duty to accept any partial

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1   payment, and plaintiff does not allege anywhere that she had the ability or actually
2   attempted to reinstate the full amount of the Loan default.  Thus, Wells Fargo was
3   within its rights to advise plaintiff that it would decline any partial payment on the
4   default.

5           Plaintiff goes on to raise allegations regarding Civil Code §2923.5 in
6   arguing that the NOD declaration of compliance "claims that an agent/employee
7   for Defendants made contact with Plaintiff to discuss options with her to avoid
8   foreclosure." (Comp. ¶41.)  Yet, the declaration attached to the NOD says no such
9   thing. (RJN Exh H.)  Instead the declaration alleges "due diligence" compliance
10  under Civil Code §2923.5(g), which does not require any actual contact with the
11  borrower, only efforts at contact.  Because plaintiff fails to plead any facts
12  disputing the "due diligence" compliance, section 2923.5 cannot serve as a
13  predicate for 17200 liability.

14          For these reasons, plaintiffs have not pleaded facts sufficient to support an
15  unfair, unlawful or fraudulent business practice.  The 17200 claim also fails due to
16  lack of standing.  A private litigant asserting a UCL claim must allege that they
17  suffered injury in fact and lost money or property as a result of the unfair
18  competition.  Cal. Bus. & Prof. § 17204; *Daro v. Superior Court*, 151 Cal. App.
19  4th 1079, 1098 (2007).  Here, there is an absence of any causation of actual loss,
20  which is essential.  *Hall v. Time, Inc*., 158 Cal. App. 4th 847 (2008).  Plaintiff has
21  no actual loss because she borrowed money, had a $90,000 default as of April
22  2012, and the contemplated foreclosure is the contractual repercussion of that
23  default.  Furthermore, Wells Fargo denied plaintiff for modification according to
24  the complaint in April and December 2013. (Comp. ¶¶25, 35.)  In these
25  circumstances, plaintiff has no injury in fact.  For these reasons, the Court should
26  dismiss the unfair competition law claim without leave to amend.

27  / / /

28  / / /

**4.   PLAINTIFF CANNOT ESTABLISHED THE ELEMENTS FOR BREACH OF THE IMPLIED COVENANT (SECOND CLAIM)**

The elements of a claim for breach of the covenant are: (1) the existence of a contract; (2) the plaintiff did all, or substantially all, of the significant things the contract required; (3) the conditions required for the defendant's performance had occurred; (4) the defendant unfairly interfered with the plaintiff's right to receive the benefits of the contract; and (5) the plaintiff was harmed by the defendant's conduct.  CACI No. 325; *Trinity Hotel Inv., LLC v. Sunstone OP Props., LLC*, 2009 U.S. Dist. LEXIS 13692 (C.D. Cal. Feb. 5, 2009); *Carma Developers, Inc. v. Marathon Development Calif., Inc.*, 2 Cal. 4th 342, 371-375 (1992).

Plaintiff bases the implied covenant claim on the same issues as the 17200 claim, namely that Wells Fargo mishandled the loan modification process, and that the 2923.5 compliance was lacking.  (Comp. ¶¶45.)  Initially, this claim requires a pleading of plaintiff's contractual compliance, which she cannot do in light of a Loan default that began about six years ago in April 2008.  (RJN Exh. H.)

Regarding modification efforts, an implied covenant claim cannot be used to rewrite the express terms of a contract.  *Steiner v. Thexton*, 48 Cal.4th 411, 419-20 (2010)(original italics; underline added), *citing and quoting Carma Developers (Cal.), Inc. v. Marathon Development California, Inc.*, 2 Cal. 4th 342, 374, 376 (1992)(internal citations, quotation marks and brackets omitted); *Vectren Communs. Servs. v. City of Alameda*, 2009 U.S. Dist. LEXIS 72811 (N.D. Cal. Aug. 18, 2009) (Illston, J.)(" an implied covenant will not be read into a contract to prohibit a party from doing something that is expressly permitted by the agreement" ).  Since Wells Fargo has no obligation to modify the Loan, the implied covenant cannot be invoked to impose procedures regarding a process that falls outside of the Loan requirements and where plaintiff admits she was previously reviewed and denied.  (Comp ¶¶ 35, 45.)  Plaintiff also cannot predicate liability on the supposed advice to stay in default.  (Comp. ¶45.b.)  At all times,

1   plaintiff had a contractual and statutory right (Cal. Civ. Code § 2924c) to bring the

2   Loan current.  Nowhere does she allege that she ever attempted or had the means

3   to do so, and that Wells Fargo rejected the payment.  Plaintiff alleges no facts that

4   could amount to a frustration of plaintiff's rights under the Loan.

5        Regarding section 2923.5, the discussion above regarding the 17200 claim

6   applies here.  Plaintiff merely alleges that she did not receive "the statutorily

7   guaranteed contact and discussions."  (Comp. ¶45.)  Plaintiff simply ignores the

8   "due diligence" compliance that would allow a lender to move forward with

9   recording an NOD without having been successful at any actual contact.  Civ.

10  Code §2923.5(g).  Even assuming *arguendo* that section 2923.5 could somehow

11  support an implied covenant claim, the complaint lacks sufficient allegations of a

12  2923.5 violation.  Also, the suggestion that 2923.5 could support a damage claim is

13  contrary to the holding in *Mabry* that the only relief for a statutory violation is a

14  postponement of the sale and nothing more.  *Mabry, supra*, 185 Cal. App. 4th at

15  214 (2010) ("the right of action is limited to obtaining a postponement of an

16  impending foreclosure").

17       Finally, plaintiff has not and cannot plead any damage supporting the

18  implied covenant claim.  Plaintiff does not plead that a foreclosure has taken place.

19  And, even if the foreclosure sale was completed, plaintiff cannot draw any causal

20  damage connection between modification reviews (and denials) or 2923.5

21  compliance as there are no facts to establish that plaintiff has the ability to bring

22  the Loan current and keep the Property out of foreclosure.

23  ## 5.   THE FRAUD CLAIM LACKS NECESSARY
24  ## ALLEGATIONS AND SPECIFICITY (THIRD CLAIM)

25       A pleading of fraud or intentional misrepresentation requires compliance

26  with the heightened pleading requirements of Rule 9(b) and facts supporting the

27  following elements: (1) misrepresentation; (2) knowledge of falsity; (3) intent to

28  defraud; (4) justifiable reliance; and (5) resulting damages. *Stansfield v. Starkey*,

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1   220 Cal.App.3d 59, 72-73 (1990); *Wilhelm v. Pray, Price, Williams & Russell,* 186

2   Cal.App.3d 1324, 1331 (1986).

3         Under Rule 9(b), fraud allegations are subject to a heightened pleading

4   standard and must be specifically pled.  *Glen Holly Entertainment, Inc. v.*

5   *Tektronix, Inc.*, 100 F. Supp. 2d 1086, 1093-1094 (C.D. Cal. 1999) (reciting

6   California elements).  Rule 9(b) mandates the explicit identification of context.

7   "This means the who, what, when, where, and how . . . ."  *Glen Holly, supra*, 100

8   F.Supp.2d at 1094.  As for corporate defendants, Rule 9(b) requires plaintiff to

9   specifically plead:  (1) the misrepresentation, (2) the speaker and his or her

10  authority to speak, (3) when and where the statements were made, (4) whether the

11  statements were oral or written, (5) if statements were written, the specific

12  documents containing the representations, and (6) the manner in which the

13  representations were allegedly false or misleading.  *Moore v. Kayport Package*

14  *Express, Inc.*, 885 F.2d 531, 549 (9th Cir. 1989); *Lazar v. Superior Court*, 12 Cal.

15  4th 631, 645 (1996).  Vague or conclusory allegations are insufficient to satisfy

16  Rule 9(b)'s "particularity" requirement.  *See Moore*, 885 F.2d at 540; *Wool v.*

17  *Tandem Computers, Inc.*, 818 F.2d 1433, 1439 (9th Cir. 1987).  Thus, merely

18  identifying allegedly fraudulent conduct fails.

19        Here, plaintiff rehashes the same conclusory loan modification allegations

20  and 2923.5 arguments in support of fraud.  As to both, the complaint lacks the

21  requisite specificity to satisfy Rule 9(b) as the only specifics alleged are a January

22  2013 modification application and then two denials in April 2013 and December

23  2013.  (Comp. ¶¶35, 45, 48.)  The complaint lacks the who, what, when, where,

24  etc. of any actual misrepresentation.  To the extent that plaintiff alleges a promise

25  of a loan modification or that she would qualify after a review, such a claim is not

26  actionable as an alleged statement about a future event.  *Richard P. v. Vista Del*

27  *Mar Child Care Service*, 106 Cal.App.3d 860 (1980) (future events); *Borba v.*

28  *Thomas*, 70 Cal.App.3d 144, 152 (1977) (future action by third party); *Neu-Visions*

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1   *Sports v. Soren/McAdam/Bartells*, 86 Cal.App.4th 303, 307 (2000) (alleged

2   misrepresentations about value of property to be used to obtain loan and whether

3   lessor would have clear title at time of financing were opinions about future

4   events).  The misrepresentation about loan modification qualification also cannot

5   be reconciled with alleged denials in April and December 2013. (Comp. ¶¶25, 35.)

6   As to section 2923.5, even if there was an alleged violation (which plaintiff here

7   fails to identify), that statutory violation is not a misrepresentation of material fact

8   sufficient to support recovery for fraud.

9        Finally, like her other claims, the complaint lacks any facts supporting

10  recoverable damage.  In the form of another conclusion, plaintiff alleges that Wells

11  Fargo's "misrepresentations" deterred her from other foreclosure avoidance

12  options.  (Comp. ¶50.)  Yet, plaintiff does not allege any sale has taken place since

13  the December 2013 modification denial, so plaintiff still had the opportunity to

14  seek other options if she wanted.  Again, while plaintiff alludes to Wells Fargo's

15  unwillingness to take partial payment on a Loan that went into default a year after

16  plaintiff obtained it, there is no contractual obligation that Wells Fargo continue to

17  accept less than payment in full.  Wells Fargo is entitled to reinstatement in full or

18  to proceed with foreclosure. (RJN Exh. B at ¶28.)  In these circumstances, plaintiff

19  cannot allege any damage.

20       For each of these reasons, the Court should dismiss the fraud claim without

21  leave to amend.

22             **6.   THE NEGLIGENCE CLAIM FAILS**

23             **WITHOUT A DUTY OF CARE (FOURTH CLAIM)**

24       Plaintiff titles this claim negligent supervision, which merely alleges that

25  Wells Fargo owed a duty of care in processing the modification application.

26  (Comp.¶58.)

27       As an initial matter, " [t]he determination whether a duty exists is primarily

28  a question of law."  *Eddy v. Sharp*, 199 Cal. App. 3d 858, 864 (1988).  "[A]bsent a

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

duty, the defendant's care, or lack of care, is irrelevant." *Software Design and Application Ltd. v. Hoeffer & Arnolt Inc.*, 49 Cal. App. 4th 472, 481 (1996).  In *Nymark v. Heart Fed. Savs. & Loan Ass' n*, the court explained: "[A]s a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money."  231 Cal. App. 3d 1089, 1096 (1991).  Indeed, "[l]iability to a borrower for negligence arises only when the lender 'actively participates' in the financed enterprise 'beyond the domain of the usual money lender.'"  *Id*.  A duty of care is required to support a negligent supervision claim.  *Montijo v. Swift*, 219 Cal. App. 2d 351, 353-354 (Cal. App. 4th Dist. 1963)

Here, Wells Fargo's purported negligent conduct occurred in connection with the processing of plaintiff's loan modification application, which does not extend beyond the normal business of a lender.  *See, Rogers v. Select Portfolio Servicing, Inc.*, 2014 U.S. Dist. LEXIS 62692, at *6 (C.D. Cal. May 6, 2014);

*Armstrong v. Chevy Chase Bank, FSB*, 2012 U.S. Dist. LEXIS 144125, *11-12 (N.D. Cal. Oct. 3, 2012); *Sullivan v. JP Morgan Chase Bank, NA*, 725 F. Supp. 2d 1087, 1094 (E.D. Cal. 2010) (citing *Nymark* and holding that " [p]laintiffs have provided no authority to support their argument that lenders owe borrowers a duty of care not to misinform them about the loan modification process" ); *Gonzales v. Wells Fargo Bank, N.A*., 2012 U.S. Dist. LEXIS 154851 at *20 (N.D. Cal. Oct. 29, 2012) ("A loan modification, which is nothing more than a renegotiation of loan terms, falls well within an institution's conventional money-lending role."); *Settle v. World Savings Bank, FSB*, 2012 U.S. Dist. LEXIS 4215, at *24 (C.D. Cal. Jan. 11, 2012) ("Numerous cases have characterized a loan modification as a traditional money lending activity, warranting application of the rule articulated in *Nymark v. Heart Fed. Savings & Loan Ass' n*, 231 Cal.App.3d 1089, 283 Cal. Rptr. 53 (1991), that a financial institution in general owes no duty of care to a borrower.

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

*See id.* at 1096).[4]  Because plaintiff cannot establish a duty of care or a breach, the negligence claim cannot survive.  *Quelimane Co. v. Stewart Title Guar. Co.*, 19 Cal. 4th 26, 57-60 (1998).

Plaintiff also fails to plead damage and cannot do so since she has no right to a modification of the Loan terms.  *See e.g.*, *Hoffman v. Bank of America, N.A.*, 2010 U.S. Dist. LEXIS 70455, *15 (N.D. Cal. 2010) ("lenders are not required to make loan modifications for borrowers that qualify under HAMP, nor does the servicer's agreement confer an enforceable right on the borrower"); *Mabry, supra*, 185 Cal. App. 4th at 223-224 (2010).  And, as previously discussed, while the 2923.5 allegations are deficient for lack of any alleged violation, the attempt to seek damages in negligence is improper since a postponement of the sale is the only relief available under the statute.  *Id*. at 214.

Furthermore, plaintiff cannot alleged damage here because she had a pretexting legal obligation to make Loan payments to Wells Fargo.  The law is well-settled that without damages, a plaintiff has no remedy and without a remedy, there is no viable claim.  *See e.g.*, *Conrad v. Bank of America*, 45 Cal. App. 4th 133, 159 (1996) ("Misrepresentation, even maliciously committed, does not support a cause of action unless the plaintiff suffered consequential damages"); *Fields v. Napa Milling Co*., 164 Cal. App. 2d 442, 448 (1958) ("a wrong without

---

[4]  The case of *Jolley v. Chase Home Finance, LLC,* 213 Cal. App. 4th 872 (2013) is readily distinguishable as it involved a construction loan where the lender often times plays on ongoing role in the construction enterprise. *Deschaine v. IndyMac Mortg. Servs.*, 2013 U.S. Dist. LEXIS 163203, at *18 (E.D. Cal. Nov. 15, 2013) ("Because the majority of California courts hold that loan modification activities are part and parcel of a loan servicer's 'conventional role as a lender of money,' Nymark, 231 Cal. App. 3d at 1096, and because plaintiff has not alleged any facts that show a special relationship with IndyMac, plaintiff cannot allege that IndyMac owed him a duty of care. Accordingly, the court must grant IndyMac's motion to dismiss plaintiff's negligence claim.").

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1 damage does not constitute a cause of action for damages . . .”).

2     For these reasons, the Court should dismiss the negligence claim without

3 leave to amend.

4     **7.   THE COMPLAINT LACKS FACTUAL ALLEGATIONS TO**

5         **SUPPORT A CIV. CODE §2923.5 VIOLATION (FIFTH CLAIM)**

6     As already briefed above, the 2923.5 claim is predicated on allegations that

7 the declaration of compliance falsely alleged actual contact with the plaintiff.

8 (Comp.  ¶66.)  This is only one of the options under the statute for pre-notice of

9 default compliance.  Civ. Code §2923.5(a)(1), (g).  The other option is the due

10 diligence requirements stated under the version of 2923.5(g) that was in effect

11 when Wells Fargo recorded the NOD in 2012.  Yet, plaintiff alleges no facts

12 supporting any claim that Wells Fargo failed to comply with the due diligence

13 requirements as set forth in the declaration attached to the NOD. (RJN Exh. H.)

14 For these reasons, the Court should grant Wells Fargo's motion dismissing the

15 claim under Civil Code §2923.5.

16     **8.   CONCLUSION**

17     For all of the reasons briefed above, the Court should grant the motion to

18 dismiss the Complaint and dismiss this action with prejudice.

19

20                    Respectfully submitted,

21 Dated:  May 8, 2014            ANGLIN, FLEWELLING, RASMUSSEN,
                                    CAMPBELL & TRYTTEN LLP
22

23                    By: _____/s/ Jeremy E. Shulman_____

24                        Jeremy E. Shulman
                         jshulman@afrct.com
25                        Attorneys for Defendant
                         WELLS FARGO BANK, N.A.
26

27

28

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

**CERTIFICATE OF SERVICE**

1

2

    I, the undersigned, declare that I am over the age of 18 and am not a party to
this action.  I am employed in the City of Pasadena, California; my business
address is Anglin, Flewelling, Rasmussen, Campbell & Trytten LLP, 199 S. Los
Robles Avenue, Suite 600, Pasadena, California  91101-2459.

3

4

5

    On the date below, I served a copy of the foregoing document entitled:

6

**WELLS FARGO'S NOTICE OF MOTION AND MOTION
TO DISMISS COMPLAINT; MEMORANDUM
OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

7

8

9  on the interested parties in said case as follows:

10              **Served Electronically Via the Court's CM/ECF System**

11

12

13

| *Attorneys for Plaintiff:* | *Attorneys for Defendant, REGIONAL SERVICE CORPORATION:* |
|---|---|
| Barry S. Jorgensen, APC<br>634 N. Diamond Bar Blvd.<br>Diamond Bar, California 91765<br>*Tel: 909.396.7200; Fax: 909.396.4786*<br>*Email:BarryJorgensen@BSJLawGroup.com* | Robin P. Wright (#150984)<br>rwright@wrightlegal.net<br>Jennifer J. McGready (#262482)<br>jmcgready@wrightlegal.net<br>Yelena Cayton (#258380)<br>hcayton@wrightlegal.net<br>WRIGHT, FINLAY & ZAK, LLP<br>4665 MacArthur Court, Suite 280<br>Newport Beach, California 92660<br>Tel. (949) 477-5050<br>Fax (949) 477-9200 |

14

15

16

17

18

19

20

21

22

    I declare under penalty of perjury under the laws of the United States of
America that the foregoing is true and correct.  I declare that I am employed in
the office of a member of the Bar of this Court, at whose direction the service
was made.  This declaration is executed in Pasadena, California on **May 8, 2014.**

23

24

25

| Marianne Mantoen | */s/ Marianne Mantoen* |
|---|---|
| (Type or Print Name) | (Signature of Declarant) |

26

27

28

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP