BARRY S. JORGENSEN, ESQ., APC [SBN 79620]
750 N. Diamond Bar Blvd., Suite 224
Diamond Bar, CA 91765
(909) 396-7200
Fax: (909) 396-4786
Email: barryjorgensen@bsjlawgroup.com

Attorney for Plaintiff, Elia Viveros Giron

UNITES STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIA VIVEROS GIRON, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>WELLS FARGO BANK, N.A. successor by merger to Wells Fargo Bank Southwest, N.A., f/k/a World Savings Bank; REGIONAL TRUSTEE SERVICES CORPORATION, a California Corporation; and DOES 1-50, Inclusive,<br><br>Defendants. | Case No.  2:14-cv-02437-ODW-VBK<br><br>**OPPOSITION TO WELLS FARGO'S MOTION TO DISMISS FIRST AMENDED COMPLAINT** *[FRCP Rule 12(b)(6)]*<br><br>Date:   July 21, 2014<br>Time:  1:30 p.m.<br>Ctrm:   11 |

Plaintiff, ELIA VIVEROS GIRON, hereby submits the following Opposition to the Motion to Defendant, Wells Fargo's, Motion to Dismiss First Amended Complaint [actually First Amended Claim for Relief]:

1

OPPOSITION TO WELLS FARGO'S MOTION TO DISMISS FIRST AMENDED COMPLAINT

## 1. INTRODUCTION

Plaintiff has filed a First Amended Claim for Relief alleging a first claim for Fraud; a second claim for Wrongful Foreclosure; a third claim for Breach of Fiduciary Duty; a fourth claim for Breach of Implied Covenant of Good Faith and Fair Dealing; and a fifth claim for Violation of Civil Code § 2923.5; and a sixth claim for Promissory Estoppel.

WELLS FARGO brings their Motion to Dismiss as to all six claims for relief.

## 2. STATEMENT OF FACTS

The facts, as set forth in Plaintiff's First Amended Claim for Relief are as follows:

On or about October 24, 2007, Plaintiff executed a Promissory Note in the amount of $356,000.00 in favor of World Savings Bank, FSB ("World Savings"). This Promissory Note was secured by the subject Deed of Trust.

Thereafter, the subject Promissory Note and Deed of Trust were assigned to WELLS FARGO.

In or before April 2012, contacted WELLS FARGO for purposes of obtaining some form of mortgage assistance.

In or about January 2013, Plaintiff submitted an application and supporting documents to WELLS FARGO for the Making Home Affordable government loan

OPPOSITION TO WELLS FARGO'S MOTION TO DISMISS FIRST AMENDED COMPLAINT

modification program ("loan modification).

On or about April 23, 2012, WELLS FARGO and/or REGIONAL caused to be recorded a Notice of Default and Election to Sell Under Deed of Trust against Plaintiff and the Subject Property. Attached to the Notice of Default was a declaration of Joshua Apears, an agent and employee of Wachovia Mortgage, FSB ("Wachovia") declaring that Plaintiff was personally contacted pursuant to the mandates of California Civil Code § 2923.5. This declaration was, in fact, false as Joshua Apears had never made contact with Plaintiff. As such, WELLS FARGO, and/or REGIONAL, failed to comply with the requirements of California Civil Code § 2923.5 as they failed to assess Plaintiff's financial situation and explore options with Plaintiff to avoid foreclosure; failed to wait the required thirty (30) days after contact was made with Plaintiff, or thirty days (30) after satisfying the due diligence requirements as set forth in the statute, in order to commence the filing of a Notice of Default; and failed to advise Plaintiff that she had a right to a subsequent meeting within fourteen (14) days of the initial contact by WELLS FARGO, and/or REGIONAL. It should be further noted that Wachovia surrendered as active status on the California Secretary of State as of June 2008. Therefore, it is hard to conceive that any agent for Wachovia was operating under the laws of California as it pertains to California Civil Code § 2923.5.

///

After Plaintiff submitted her application for a mortgage loan modification to WELLS FARGO, and in an effort to monitor the status of her loan modification, Plaintiff contacted WELLS FARGO in excess of forty (40) times.

During this period of time, Plaintiff was diligent in confirming with WELLS FARGO that WELLS FARGO had all the required documents which WELLS FARGO had requested in order to allow WELLS FARGO to assess, and/or make a decision as to Plaintiff's loan modification request. In this regard, on a number of occasions, WELLS FARGO assured Plaintiff that all of the required supporting documentations had been timely submitted and was being considered.

Also during this period of time, Plaintiff was advised by WELLS FARGO that she need did not have to make monthly loan payments while her application for loan modification was pending. Subsequent, thereto, and in an obvious contradiction, Plaintiff was advised by WELLS GARGO that she was, in fact, required to submit monthly loan payments while her application for loan modification was pending.

On October 15, 2013, WELLS FARGO, and/or REGIONAL caused to be recorded a Notice of Trustee Sale against Plaintiff and subject Property with a sale date of November 6, 2013.

On or about December 2013, Plaintiff was notified by WELLS FARGO that her request for a loan modification had been denied due to "Negative NPV" in that

Plaintiff's loan was not a financial interest of the investors who own Plaintiff's loan.

It is hereby alleged that WELLS FARGO, and/or REGIONAL, participated in wrongful foreclosure proceedings regarding the subject Property by recording a Notice of Trustee Sale while there was a pending loan modification review regarding Plaintiff's subject mortgage home loan.

On or about December 2013, Plaintiff telephoned Phillip Akuriene, a Case Relations Manager for WELLS FARGO, in an attempt to ascertain the reasoning of WELLS FARGO's denial of her loan modification, and to request a reconsideration or an appeal of WELLS FARGO's decision, however, Plaintiff was only able to leave a voice mail message. Despite leaving the message, Phillip Akuriene did not return Plaintiff's telephone call.

As of this date, WELLS FARGO has never given Plaintiff the opportunity to request a reconsideration or an appeal of their decision to deny Plaintiff's request for a loan modification. To the contrary, the only advice WELLS FARGO gave to Plaintiff was that she should consider selling the Property.

## 2. STANDARDS FOR RULING ON MOTION TO DISMISS

Pursuant to FRCP Rule 12(b)(6) a complaint may be dismissed if it appears beyond doubt that plaintiff can prove no set of facts in support of its claim which would entitle it to relief. [*Conley v. Gibson* (1957) 355 U.S. 41, 45-46]

OPPOSITION TO WELLS FARGO'S MOTION TO DISMISS FIRST AMENDED COMPLAINT

A motion to dismiss, similar to a demurrer in a California Superior Court, tests the sufficiency of the pleadings. In this regard, to prevail on a motion to dismiss, a plaintiff need only provide a "short and plain statement of the claim. [FRCP Rule 8].

### 3. PLAINTIFF SHOULD NOT BE PRECLUDED FROM ALLEGING THREE NEW CLAIMS

WELLS FARGO contends that Plaintiff's claims for Wrongful Foreclosure, Breach of Fiduciary Duty and Promissory Estoppel should not be allowed because Plaintiff did not seek leave to amend from this court. WELLS FARGO also points out this court's reference to Rule 11 and this court's order that Plaintiff may amend her Complaint with respect to the claims for which the Court granted leave to amend. Plaintiff concedes that she did not seek leave to add the three aforementioned claims, however, Plaintiff submits that the new claims for Wrongful Foreclosure, Breach of Fiduciary Duty and Promissory Estoppel should be allowed to remain since Plaintiff has alleged facts which support these three additional claims.

### 4. PLAINTIFF HAS PLED A VALID FIRST CLAIM FOR FRAUD

WELLS FARGO contends that Plaintiff's fraud allegations do not meet the heightened pleading standard and must be specifically pled, however, it must be noted that Plaintiff did not file her action in Federal Court, it was removed to Federal Court. Nevertheless, Plaintiff refutes this contention.

OPPOSITION TO WELLS FARGO'S MOTION TO DISMISS FIRST AMENDED COMPLAINT

In support of Plaintiff's claim for fraud, Plaintiff has alleged that WELLS FARGO made false and deceptive statements to Plaintiff that she need did not have to make monthly loan payments while her application for loan modification was pending. [¶ 33]; false and deceptive statements they knew that the statements were false, or were made with a reckless disregard for its truth [¶ 35]; the false and deceptive statements they had the specific intent not to perform in accordance with their statements [¶ 36]; the misrepresentations were intentionally made with the intent that Plaintiff would, in fact, rely on said representation [¶ 37]; and Plaintiff justifiably relied on the aforementioned false and deceptive statements by not making any loan payments while her application for loan modification was pending; [¶ 38];

Plaintiff submits that she has alleged all the specific elements to state a claim for relief for fraud against WELLS FARGO. As such, WELLS FARGO's motion to dismiss as to Plaintiff's first claim for relief for fraud and misrepresentation should be overruled.

5. **PLAINTIFF HAS STATED A VALID SECOND CLAIM FOR WRONGFUL FORECLOSURE AND VALID FIFTH CLAIM VIOLATION OF CALIFORNIA CIVIL CODE § 2923.5**

WELLS FARGO contends that Plaintiff's Wrongful Foreclosure claim fails because a sale of Plaintiff's home has not occurred. Though Plaintiff concedes that a foreclosure sale has not occurred, state courts have allowed pre-sale wrongful

foreclosure claims to survive demurrer where they are based on section 2923.5, which provides for a postponement of the foreclosure sale to allow for compliance with the statute. [*See Intengan v. BAC Home Loans Servicing* LP, 214 Cal.App.4th 1047, 1057 (2013)]

In <u>Mabry v. Superior Court of Orange County</u> (June 2, 2010), Appellate Case No. G042911, Fourth Appellate District, Division Three [Certified for Publication], the Court gave a thorough discussion of <u>California Civil Code</u> § 2923.5. The Court held that <u>California Civil Code</u> § 2923.5 creates a private right of action if it is not complied with by the lenders. Private individuals may sue and force the lenders to comply with the statute, and not be required to pay the arrears before enforcement is mandated. If a lender does not comply with the statute, then the lender can be forced to start the foreclosure process at the beginning once it finally complies with 2923.5.

In support of the fifth claim for Violation of California Civil Code § 2923.5, Plaintiff has alleged the following:

*"At all times herein mentioned, and in doing the things herein alleged, WELLS FARGO and REGIONAL, failed to comply with <u>California Civil Code</u> § 2923.5 by (1) failing to contact Plaintiff in person or by telephone to access Plaintiff's' financial situation and to explore options to avoid foreclosure; (2) failing to advise Plaintiff that he has the right to request a subsequent meeting within fourteen (14)*

*days, and (3) failing to provide Plaintiff with a correct declaration from an authorized agent with the aforementioned Notice of Default."* [FAC ¶ 76]

Plaintiff submits that she has alleged sufficient substantive facts to state a valid claim for relief for wrongful foreclosure and Violation of California Civil Code § 2923.5 against WELLS FARGO. As such, WELLS FARGO's motion to dismiss as to the second claim for wrongful foreclosure and fifth claim for relief for Violation of California Civil Code § 2923.5 should be overruled.

### 6. PLAINTIFF HAS STATED A VALID THIRD CLAIM FOR BREACH OF FIDUCIARY DUTY

Plaintiff submits that he has alleged sufficient facts to set forth a valid cause of action for WELLS FARGO's breach of fiduciary duty.

In support this claim, Plaintiff has alleged the following:

*"At all times herein mentioned, WELLS FARGO, as well as their agents, employees, and/or representatives, had superior knowledge of the overall loan modification process over Plaintiff, and due to the fact that the wrongful acts committed by WELLS FARGO, as more particularly set forth herein, pertained to the advice and recommendation that WELLS FARGO gave to Plaintiff during the period of time that Plaintiff was attempting to modify the aforementioned subject home loan, and not with the origination of Plaintiff's subject home loan, WELLS FARGO maintained a fiduciary relationship with Plaintiff."* [FAC ¶ 55]

*"At all times herein mentioned, Plaintiff placed their faith, hope and trust in the hands of WELLS FARGO, as well as his agents, employees, and/or representatives, with the reasonable expectations that at all times they would act in Plaintiff's best interests in regards to obtaining a loan modification, and act in good faith in the overall loan modification process."* [FAC ¶ 56]

*"In doing the things herein alleged, to wit, the failure to undertake a good faith review of Plaintiff's application for loan modification, and by advising Plaintiff that she need did not have to make monthly loan payments while her application for loan modification was pending, and then in an obvious contradiction, advising Plaintiff that she was, in fact, required to submit monthly loan payments while her application for loan modification was pending, WELLS FARGO, as well as their agents, employees, and/or representatives, breached the fiduciary duty owed to Plaintiff."* [FAC ¶ 57]

"At all times herein mentioned, and based on the fact that any breach of fiduciary duty committed by the agents, employees, and/or representatives of WELLS FARGO was done during the course and scope of their employment and pursuant to the instructions, and/or orders of WELLS FARGO, WELLS FARGO is vicariously liable for the aforementioned breach of fiduciary duty." [FAC ¶ 58]

///

*"As a direct and legal result of the aforementioned breach of fiduciary duty, as more particularly set forth herein, Plaintiff has incurred special damages in an amount to be determined according to proof at time of trial."* [FAC ¶ 60]

Plaintiff submits that she has alleged all the specific elements to state a claim for relief for breach of fiduciary duty against WELLS FARGO. As such, WELLS FARGO's motion to dismiss as to Plaintiff's third claim for relief for breach of fiduciary duty should be overruled.

### 7. PLAINTIFF CONCEDES THAT SHE HAS NOT STATED A VALID FOURTH CLAIM FOR BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

Plaintiff concedes that an actual contract for modification of her loan with WELLS FARGO, did not exist. As such, Plaintiff does not oppose the dismissal as to this claim for relief, only.

### 7. PLAINTIFF HAS STATED A VALID SIXTH CLAIM FOR PROMISSORY ESTOPPEL

California law generally holds that in the absence of consideration, an oral promise to postpone a foreclosure sale is unenforceable. *Raedeke v. Gibraltar Sav. & Loan Ass'n,* 10 Cal. 3d 665, 673 (1974); *Karlsen v. Am. Sav. & Loan Ass'n,* 15 Cal. App. 3d 112, 117 (1971). It is a common allegation in complaints contesting nonjudicial foreclosure that the secured party orally promised to postpone the foreclosure, but nonetheless proceeded to sale. The allegation is often conclusionary and subject to a demurrer in state court or a motion to dismiss in

federal court. However, in a recent trend, borrowers have claimed they reasonably relied on the secured party's oral promise to postpone and, therefore, they contend that the doctrine of promissory estoppel should apply as a substitute for consideration.

The essential elements of a claim of promissory estoppel are: "(1) a promise clear and unambiguous in its terms; (2) reliance by the party to whom the promise is made; (3) [the] reliance must be both reasonable and foreseeable; and (4) the party asserting the estoppel must be injured by his reliance." [*Aceves v. U.S. Bank, N.A*, (2011)192 Cal. App. 4th 218; 120 Cal. Rptr. 3d 507, 514].

The doctrine of promissory estoppel is used to provide a substitute for the consideration ordinarily required to create an enforceable agreement. Moreover, a promissory estoppel claim generally entitles a prevailing plaintiff to damages available on a breach of contract claim.

The borrower in *Aceves* argued that promissory estoppel should provide a substitute for consideration because the borrower agreed to forbear from converting her bankruptcy petition from chapter 7 to chapter 13. The borrower contended that by doing so, she suffered a legal detriment because she otherwise could have used her husband's income (he was not a borrower on the loan) to help repay the arrears through an organized repayment plan. Stating that "Chapter 13's greatest significance for debtors is its use as a weapon to avoid foreclosure on their

12

OPPOSITION TO WELLS FARGO'S MOTION TO DISMISS FIRST AMENDED COMPLAINT

homes," the court concluded that by forgoing the conversion and not opposing U.S. Bank's motion for relief from stay, the borrower satisfied the reliance and injury elements of promissory estoppel.

The doctrine of promissory estoppel is used to provide a substitute for the consideration ordinarily required to create an enforceable agreement. Moreover, a promissory estoppel claim generally entitles a prevailing plaintiff to damages available on a breach of contract claim.

In support of her sixth claim for relief for Promissory Estoppel, Plaintiff alleged the following:

> *"At all times herein mentioned WELLS FARGO made a clear and unambiguous promise to Plaintiff that she need did not have to make monthly loan payments while her application for loan modification was pending, and assured Plaintiff that her application for a loan modification would not be denied if she did not make the monthly loan payments while her loan modification was being reviewed."* [FAC ¶ 60]

> *"At all times herein mentioned, Plaintiff relied on WELLS FARGO's aforementioned promise and assurances, and Plaintiff's reliance was reasonable since they were statements made by representatives of WELLS FARGO."* [FAC ¶ 80]

///

OPPOSITION TO WELLS FARGO'S MOTION TO DISMISS FIRST AMENDED COMPLAINT

*"At all times herein mentioned, WELLS FARGO knew, or should have known, and it was therefore, foreseeable, that Plaintiff would rely on their aforementioned promise and assurances."* [FAC ¶ 81]

*"At all times herein mentioned, WELLS FARGO had no intentions of honoring the aforementioned promises and assurrances. To the contrary, WELLS FARGO advised Plaintiff that she was, in fact, required to submit monthly loan payments while her application for loan modification was pending."* [FAC ¶ 82]

*"At all times herein mentioned, injustice can only be avoided by enforcing WELLS FARGO's aforementioned promise and assurances."* [FAC ¶ 83]

Contrary to WELLS FARGO's contentions, Plaintiff submits that She has alleged sufficient facts to state a valid claim for relief for Promissory Estoppel. As such, WELLS FARGO's motion to dismiss the sixth claim for relief for Promissory Estoppel should be overruled.

## 8.  CONCLUSION

For all the foregoing reasons, Plaintiff respectfully requests that this court overrule WELLS FARGO's motion to dismiss as to the first, second, third, fifth and sixth claims for relief. Alternatively, if this Court finds that either claim for relief has not been properly pled, Plaintiff respectfully submits that she can allege sufficient facts to correct any defects in any of the claims for relief, and, therefore, respectfully requests further leave to file a Second Amended Claim for Relief.

Dated: June 26, 2014

_____
BARRY S. JORGENSEN, ESQ.
Attorney for Plaintiff,
Elia Viveros Giron

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 750 North Diamond Bar Blvd., Ste. 224, Diamond Bar C.A. 91765.

On June **26, 2014**, I served the foregoing document(s) described/ titled as:

**OPPOSITIONTO WELLS FARGO'S MOTION TO DISMISS FIRST AMENDED COMPLAINT *[FRCP Rule 12(b) (6)]***

on the following interested parties by the method described:

### See Attached Service List

☒ **BY MAIL:** I placed the original of the foregoing document in a sealed envelope addressed to each interested party as set forth. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on the same day with postage thereon fully prepaid at Diamond Bar, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing an affidavit.

☐ **BY OVERNIGHT CARRIER:** I placed the original of the foregoing document in a sealed envelope, box, or other facility maintained by Fedex or other express carrier service, or delivered to a courier or driver authorized by said express carrier service to receive documents with delivery fees paid for or provided for.

☐ **VIA HAND DELIVERY**

☐ **BY FACSIMILE:** I sent by facsimile transmission such document(s) to the numbers indicated and confirmed successful transmission of all pages. A transmission report was properly issued by the sending facsimile machine for each interested party served.

| | | |
|---|---|---|
| 1 | ☐ | **BY ELECTRONIC MAIL: (BY EMAIL OR ELECTRONIC TRANSMISSION)** |

Based on a court order or an agreement of the parties to accept service by email or electronic transmission, I sent by email or electronic transmission such document(s) to the emails indicated. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒ **BY CM/ECF ELECTRONIC FILING:** I caused the above entitled document(s) to be transmitted to the office(s) of the addressee(s) listed above by electronic mail at the e-mail address(es) set forth above pursuant to the Fed.R.Civ.P.5(d)(1). "A Notice of Electronic Filing (NEF) is generated automatically by the ECF system upon completion of an electronic filing. The NEF, when e-mailed to the e-mail address of record in the case, shall constitute the proof of service as required by Fed.R.Civ.P.5(d)(1). A copy of the NEF shall be attached to any document served in the traditional manner upon any party appearing pro se."

☐ **(STATE)** I declare under penalty of perjury that the above is true and correct.

☒ **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on **June 26, 2014** at Diamond Bar, California.

_____
Virginia Ramirez

# SERVICE LIST

## (CASE NO.: 2:14-cv-02437-ODW-BK)

a) **JENNIFER J. MCGREADY**

**WRIGHT, FINLAY & ZAK, LLP**

4665 MacArthur Court, Suite 280

Newport Beach, California 92660

*Attorneys for Defendant, Regional Service Corporation*

b) **JEREMY E. SHULMAN**

**ANGLIN, FLEWELLING, RASMUSSEN,**

**CAMPBELL & TRYTTEN LLP**

199 South Los Robles Avenue, Suite 600
Pasadena California 91101-2459

*Attorneys for Defendant WELLS FARGO BANK, N.A., successor by merger to Wells Fargo Bank Southwest, N.A., f/k/a Wachovia Mortgage FSB and World Savings Bank, FSB ( Wells Fargo")UNITED*

*Viveros*