O

# United States District Court
# Central District of California

| | |
|---|---|
| ELIA VIVEROS GIRON,<br><br>　　　　　　Plaintiff,<br><br>　　　v.<br><br>WELLS FARGO BANK, N.A.;<br>REGIONAL TRUSTEE SERVICES<br>CORPORATION; DOES 1–10, inclusive,<br><br>　　　　　　Defendants. | Case No. 2:14-cv-02437-ODW(VBKx)<br><br>**ORDER GRANTING DEFENDANT WELLS FARGO BANK, N.A.'S MOTION TO DISMISS WITHOUT LEAVE TO AMEND [21]** |

## I.　INTRODUCTION

　　Defendant Wells Fargo Bank, N.A. previously moved to dismiss Plaintiff Elia Viveros Giron's foreclosure-related Complaint under Federal Rule of Civil Procedure 12(b)(6). The Court granted that Motion with partial leave to amend. But in her Second Amended Complaint, Giron added three new claims that exceeded the Court's limited leave to amend. Morevoer, her amended claims still fail to satisfy the Court's concerns expressed in its previous dismissal Order. The Court therefore **GRANTS** Wells Fargo's Motion to Dismiss **WITHOUT LEAVE TO AMEND**.[1]　(ECF No. 21.)

---

[1] After carefully considering the papers filed in support of and in opposition to the Motion, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15.

## II. FACTUAL BACKGROUND

The Court and the parties are readily familiar with the facts of this case following the previous Motion to Dismiss. The Court therefore incorporates its factual background from its previous Order. (ECF No. 16.)

On May 8, 2014, Wells Fargo moved to dismiss Giron's Complaint under Federal Rule of Civil Procedure 12(b)(6). (ECF No. 11.) The Court granted that Motion with partial leave to amend. (ECF No. 16.)

Giron then filed her Second Amended Complaint. On June 20, 2014, Wells Fargo again moved to dismiss the amended complaint. (ECF No. 21.) Giron opposed. (ECF No. 23.) That Motion is now before the Court for decision.

## III. LEGAL STANDARD

A court may dismiss a complaint under Rule 12(b)(6) for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To survive a dismissal motion, a complaint need only satisfy the minimal notice pleading requirements of Rule 8(a)(2)—a short and plain statement of the claim. *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). The factual "allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). That is, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The determination whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. A court is generally limited to the pleadings and must construe all "factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the plaintiff. *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001). But a court need not blindly accept conclusory allegations, / / /

unwarranted deductions of fact, and unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

As a general rule, a court should freely give leave to amend a complaint that has been dismissed. Fed. R. Civ. P. 15(a). But a court may deny leave to amend when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir.1986); *see Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

## IV.  DISCUSSION

In her Second Amended Complaint, Giron brings three new claims—thus exceeding the Court's limited leave to amend. But the Court finds that these newly minted claims, as well as her existing ones, still fail for several reasons. The Court thus grants Wells Fargo's Motion in its entirety.

**A.  Limited leave to amend**

Giron brings newly minted claims for alleged wrongful foreclosure, breach of fiduciary duty, and promissory estoppel.

When a court grants limited leave to amend, a plaintiff may not simply add additional claims without seeking further leave of court. *See DeLeon v. Wells Fargo Bank, N.A.*, 10-CV-01390-LHK, 2010 WL 4285006, at *3 (N.D. Cal. Oct. 22, 2010) ("In this case, the prior order granting leave to amend was limited in scope, and Plaintiffs were therefore required to seek leave of the Court before adding new claims.").

Since the Court did not grant Giron leave to add additional claims, that reason alone is sufficient to grant Wells Fargo's Motion with respect to these claims. But the Court also finds that the new claims—even if considered on their merits as alleged—fail.

/ / /

/ / /

### 1. *Wrongful foreclosure*

California law "recognizes a cause of action for wrongful foreclosure under equitable principles." *Barroso v. Ocwen Loan Servicing, LLC*, 208 Cal. App. 4th 1001, 1016 (Ct. App. 2012) (footnote omitted) (citations omitted) (internal quotation marks omitted). But a "full tender must be *made* to set aside a foreclosure sale, based on equitable principles." *Id.*

Giron alleges that Wells Fargo "participated in wrongful foreclosure proceedings regarding the subject Property by recording a Notice of Trustee Sale while there was a pending loan modification review regarding Plaintiff's subject property." (SAC ¶ 28.) But this allegation does not establish a foreclosure. Recording a notice of trustee sale is only the first step in the foreclosure process; it is not the foreclosure itself. Moreover, there is no indication that Giron ever made a full tender of the amount due—a prerequisite to establishing a wrongful-foreclosure claim.

### 2. *Breach of fiduciary duty*

Giron also alleges that Wells Fargo breached a fiduciary duty owed to her. (SAC ¶ 55.) But California law clearly establishes that the "relationship between a lending institution and its borrower-client is not fiduciary in nature. This right is inconsistent with the obligations of a fiduciary which require that the fiduciary knowingly agree to subordinate its interests to act on behalf of and for the benefit of another." *Nymark v. Heart Fed. Sav. & Loan Ass'n*, 231 Cal. App. 3d 1089, 1093 n.1 (Ct. App. 1991) (citations omitted). Giron's breach-of-fiduciary-duty claim consequently fails as a matter of law.

### 3. *Promissory estoppel*

Giron's promissory-estoppel claim similarly falters. California law requires four elements to establish promissory estoppel: "(1) a promise clear and unambiguous in its terms; (2) reliance by the party to whom the promise is made; (3)[the] reliance must be both reasonable and foreseeable; and (4) the party asserting the estoppel must be injured by his reliance." *Aceves v. U.S. Bank, N.A.*, 192 Cal. App. 4th 218, 225

(2011) (internal quotation marks omitted). The promise must be "clear and unambiguous in its terms" and cannot stem from preliminary discussions and negotiations. *Garcia v. World Sav., FSB*, 183 Cal. App. 4th 1031, 1044 (Ct. App. 2010) (alternation in original) (citations omitted) (internal quotation marks omitted).

There is no indication that Wells Fargo ever made a "clear and unambiguous promise" to modify Giron's loan. The fact that Giron had to apply for the modification actually belies any requisite promise. Having to go through that process demonstrates that Giron would not automatically qualify for a modification since she had to meet certain criteria.

The Court thus **GRANTS** Wells Fargo's Motion with respect to Giron's wrongful-foreclosure, breach-of-fiduciary-duty, and promissory-estoppel claims **WITHOUT LEAVE TO AMEND**.

**B.     Implied covenant of good faith and fair dealing**

While Giron brought a claim for an alleged violation of the implied covenant of good faith and fair dealing in her Second Amended Complaint, she specifically abandoned this claim in her Opposition. (Opp'n 11 ("Plaintiff concedes that an actual contract for modification or her loan with WELLS FARGO, did not exist. As such, Plaintiff does not oppose the dismissal as to this claim for relief, only.").) The Court therefore **GRANTS** Wells Fargo's Motion on this ground **WITHOUT LEAVE TO AMEND**.

**C.     Fraud**

As the Court previously noted, fraud pleadings are subject to an elevated standard, requiring a party to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "Particularity" means that fraud allegations must be accompanied by "the who, what, when, where, and how" of the misconduct charged. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103–06 (9th Cir. 2003). Allegations under Rule 9(b) must be stated with "specificity including an account of the time, place, and specific content of the false representations as well as the

identities of the parties to the misrepresentations." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007). Accordingly, when suing more than one defendant, a plaintiff cannot "merely lump multiple defendants together" but rather must differentiate the allegations and "inform each defendant separately of the allegations surrounding his alleged participation in the fraud." *Id.* at 764–65.

Under California law, a viable fraud claim requires (1) a misrepresentation; (2) knowledge of falsity; (3) intent to defraud, i.e., to induce reliance; (4) justifiable reliance; and (5) resulting damage. *UMG Recording, Inc. v. Bertelsmann AG*, 479 F.3d 1078, 1096 (9th Cir. 2007) (citing *Small v. Fritz Cos.*, 30 Cal. 4th 167, 173 (2003)); *Anderson v. Deloitte & Touche*, 56 Cal. App. 4th 1468, 1474 (Ct. App. 1997).

Wells Fargo argues that Giron once again failed to comply with Rule 9(b) with respect to her allegation that Wells Fargo falsely instructed her not to make loan payments during the modification-review period. The bank also contends that any "damage" stemming from the missed payments actually constituted damage to Wells Fargo, as Giron had a preexisting duty to make the payments.

In opposing the Motion, Giron simply recapitulates the facts she alleged in her Second Amended Complaint and states that they satisfy the fraud elements.

The only allegations in the Second Amended Complaint bearing upon the alleged misrepresentation regarding loan payments during the modification-review period appear in paragraph 25. Giron alleges that she "was advised by WELLS FARGO that she need did not [*sic*] have to make monthly loan payments while her application for loan modification was pending." (SAC ¶ 25.) But she then alleges that she "was advised by WELLS GARGO [*sic*] that she was, in fact, required to submit monthly loan payments while her application for loan modification was pending." (*Id.*)

These terse allegations do not mollify the Court's concerns expressed in its pervious dismissal Order. Giron once again fails to identify "the who, what, when,

where, and how" of the alleged misrepresentation.  *See Vess*, 317 F.3d at 1103–06.  After reading that sole paragraph, Wells Fargo is not put on notice of what exactly the statement was to her, which employee made it, when the statement was made, and in what context it arose.

Since Giron has once again failed to state an actionable fraud claim, the Court thus **GRANTS** Wells Fargo's Motion on this ground **WITHOUT LEAVE TO AMEND**.

**D.     California Civil Code section 2923.5**

As the Court previously noted, as of January 1, 2010, section 2923.5 provided that a mortgagee, trustee, beneficiary, or authorized agent could not record a notice of default until either 30 days after it had made contact with the borrower regarding foreclosure-prevention alternatives or after establishing due diligence in attempting to contact the borrower.  Cal. Civ. Code § 2923.5(a) (effective Jan. 1, 2010–Dec. 31, 2012)

The Court granted Giron limited leave to amend her section 2923.5 claim to establish whether Wells Fargo failed to comply with both possible avenues of compliance with the statute.  But once again, Giron only clings to the actual-contact compliance method—thus ignoring whether Wells Fargo failed to engage in due diligence in attempting to reach her.  (*See* FAC ¶ 76 (only alleging that Wells Fargo "fail[ed] to contact Plaintiff in person or by telephone").)

Since Giron has failed to comply with the Court's limited leave to amend, the Court **GRANTS** Wells Fargo's Motion on this ground **WITHOUT LEAVE TO AMEND.**

**E.     Order to Show Cause**

The only defendant that remains in this action now is Regional Services Corporation.  But Regional filed a Declaration of Non-Monetary Status while the action was pending in state court.  (Not. of Removal Ex. B.)  In that Declaration, Regional states that Giron's only allegations against it in her Complaint arise out of its

capacity as a trustee and that such conduct is privileged under California Civil Code sections 47 and 2924(d). (Kaufman Decl. ¶ 3.)

The Court therefore **ORDERS** Giron to **SHOW CAUSE** in writing by July 23, 2014, why the Court should not dismiss her remaining claim against Regional. No hearing will be held; Giron shall respond in writing. Failure to timely respond will result in dismissal for lack of prosecution.

## V. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Wells Fargo's Motion to Dismiss on all grounds **WITHOUT LEAVE TO AMEND**. (ECF No. 11.) The Court also **ORDERS** Giron to **SHOW CAUSE** as enumerated in Part E above.

**IT IS SO ORDERED.**

July 11, 2014

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**